**Craig L. HINTON, Petitioner— Appellant,**

v.

**Cheryl PLILER; Attorney General for the State of California, Respondents—Appellees.**

No. 07–16141.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2008 \*.

Filed Feb. 13, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Victor S. Haltom, Esq., Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Esq., Patrick J. Whalen, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

R.App. P. 34(a)(2).

654

## MEMORANDUM **

Craig L. Hinton, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Hinton argues that the prosecution withheld favorable evidence during his trial, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Three California state courts rejected this challenge during state habeas proceedings and upheld Hinton's conviction. After a careful review of the record, we conclude that the state court rulings were not contrary to, and did not involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

Hinton argues that his *Brady* rights were violated when the trial prosecutor failed to disclose the fact that Richard Jones—the prosecution's eye witness—was suspected of being involved in an unrelated murder. However, Hinton failed to establish that, but for the alleged violation, "'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

First, Hinton's defense counsel elicited significant impeachment of Jones's credibility during trial and any additional impeachment value of the withheld evidence would likely have been cumulative. When a defense effectively calls into question the truthfulness of a witness during trial and further impeachment by withheld evidence "would not have cast [the witness] in a significantly worse light" the withheld evidence is not normally prejudicial. *Williams v. Woodford,* 384 F.3d 567, 599 (9th Cir.2004).

Second, testimony from additional witnesses corroborated many of the key elements of Jones's testimony. *See Hovey v. Ayers,* 458 F.3d 892, 920 (9th Cir.2006) (corroborating testimony reduces prejudice of withheld impeachment evidence).

Third, there was compelling physical evidence of Hinton's guilt. *See Strickler,* 527 U.S. at 293, 119 S.Ct. 1936 (finding "considerable forensic evidence and other physical evidence linking petitioner to the crime" a reason to deny habeas petition based on a *Brady* claim).

In light of the significant impeachment material available to defense counsel, the corroboration of key pieces of Jones's testimony by other witnesses, and the substantial physical evidence, there exists no "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The district court thus properly held that the denial of Hinton's *Brady* claim by the state courts was neither contrary to nor an unreasonable application of federal law as determined by the United States Supreme Court.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provid-   ed by 9th Cir. R. 36–3.